UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. H-13-628 |
| | § | |
| HORTENCIA MEDELES-ARGUELLO | § | |

## **PRELIMINARY ORDER OF FORFEITURE**

Following a jury trial, Defendant, Hortencia Medeles-Arguello, aka Raquel Medeles Garcia aka Tencha, was convicted of all counts charged in a Superseding Criminal Indictment, including a sex trafficking conspiracy in violation of Title 18, United States Code, Sections 1591 and 1594(c), a conspiracy to harbor illegal aliens in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i), three counts of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and a money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h).

The Superseding Criminal Indictment provided notice to Defendant that in the event of conviction, property would be subject to forfeiture, including but not limited, to at least $12,500,000.00 in United States dollars, $603.00 in U.S. currency seized on or about October 10, 2013 and $713.41 seized on or about

1

October 10, 2013. The Indictment also provided notice that a money judgment may be imposed equal to the total value of property subject to forfeiture.

Having considered the Unopposed Motion for Preliminary Order of Forfeiture, the evidence submitted with the motion, the trial evidence, the record as a whole, and the applicable law, the Court finds that the requisite nexus has been established between the offenses of conviction and the seized currency. The Court also finds that the evidence in the record supports the imposition of a money judgment in the amount of $12,500,000.00 against Defendant and in favor of the United States.

Accordingly, the Court GRANTS the Unopposed Motion for Preliminary Order of Forfeiture and ORDERS:

    1.    Defendant, Hortencia Medeles-Arguello, aka Raquel Medeles Garcia aka Tencha, shall forfeit $12,500,000.00 to the United States, and a personal money judgment is hereby awarded in favor of the United States and against Defendant in the amount of $12,500,000.00.

    2.    The following sums of currency seized on or about October 10, 2013 (the "seized currency") are forfeited to the United States:

        (a)    $603.00 that was seized from Las Palmas II located at 5618 Telephone Road, Houston, Texas and

    (b) $713.41 that was seized from an apartment located in Houston, Texas.

Upon a final order of forfeiture of this seized currency (following the resolution of any third-party petitions), the forfeited amount of seized currency shall be credited against the $12,500,000.00 money judgment.

  3. The United States of America shall publish notice of this forfeiture order and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the seized currency in an ancillary proceeding.

  4. Any person, other than the Defendant, asserting a legal interest in the seized currency may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his/her alleged interest in the property pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in that property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in that property, and any other facts which support the petitioner's claim and the relief sought. The petition shall be filed with the United States District Clerk, located at United States Courthouse, 515 Rusk, Houston, Texas 77002. A

copy of the petition shall be sent to E. Vincent Carroll, Assistant United States Attorney, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

5. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to include substitute property to satisfy the money judgment in whole or in part.

6. Pursuant to Rule 32.2(b)(4), this forfeiture order shall be made part of the Defendant's sentence and included in the judgment.

SIGNED and ORDERED this __12__ day of __Aug__ 2015.

_____
UNITED STATES DISTRICT JUDGE