201003863345
09/09/2010 RP2 $28.00

**GOVERNMENT EXHIBIT 9**

# Deed of Trust

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## Terms

Date: 8-30, 2010

**Grantor:** DAVID GARCIA, a single person
1415 Somercotes Ln.
Channelview, Texas 77530
HARRIS County

**Trustee:** VAUGHN W. DAVIDSON
5223 Garth Road, Baytown, Texas 77521
HARRIS County

**Lender:** RAYMOND E. HOLBERT and RITA HOLBERT, husband and wife
P.O. Box 566
Channelview, TX 77530
HARRIS County

**Obligation**

Note
Date: 8-30, 2010
Original principal amount: $80,000.00
Borrower: DAVID GARCIA
Lender: RAYMOND E. HOLBERT and RITA HOLBERT
Maturity date: September 1, 2015
Terms of Payment: As provided in the note.

Other Debt: None.

**Property (including any improvements):**
Parcel Number 5 Being a part of Lots 2 and 3, in Block 2, in LAKESIDE PARK ESTATES, a subdivision in the B. N. Garrett Survey, Abstract 1710 in Harris County, Texas, according to the map or plat thereof recorded in Volume 12, at Page 38 of the Map Records of Harris County, Texas, and being all of the West 160 feet of the Northerly 48.33 feet of Lot 2, Block 2, Lakeside Park Estates and the West 160 feet of the Southerly 23.33 feet of Lot 3, in Block 2 of LAKESIDE PARK ESTATES and described by metes and bounds in that certain deed of trust dated June 12, 1973, executed by Earl R. Holbert and Margaret F. Holbert for the benefit of Universal Savings & Loan Assoc. of Jacinto City, filed of record under Clerk's Filing Number D898011 of the Real Property Records of Harris County, Texas, to which reference is hereby made for all purposes. Commonly and collectively known as: 16501 North Shore Drive, Channelview, Texas 77530.

**Prior Lien:** None.

**Other Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in the deed to Grantor as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2010, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lenders will release it at Grantor's expense.

FILED FOR RECORD
8:00 AM
SEP -9 2010
County Clerk, Harris County, Texas

Page 1

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/28/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stella Roberts



**Clauses and Covenants**

**A. Grantor's Obligations**
Grantor agrees to-
1. keep the Property in good repair and condition;
2. provide proof of payment of all taxes and assessments on the Property before delinquency;
3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;
4. maintain, at Grantor's expense-
   a. liability insurance and worker's compensation insurance covering Grantor, the Property, and the operations on the Property against claims for bodily injury, death, or property damage on or around the Property;
   b. property insurance against loss or damage by fire, storm, gas (if gas is used on the Property), and all other hazards under a standard all-risk extended coverage endorsement for an amount equal to the original amount of the Note and other debt secured by this deed of trust or the full insurable value of the Property, whichever is less, and also insuring against other risks including flood, if the Property is in a flood hazard area, and earthquake and mud slide, if requested by Lenders.
5. obey all laws, ordinances, and restrictive covenants applicable to the Property;
6. keep any buildings occupied as required by the Required Insurance Coverages;
7. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and
8. notify Lender of any change of address.

**B. Lenders' Rights**
1. Lenders or Lenders' mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lenders are subrogated to all the rights and liens of the holders of any debt so paid.
3. Lenders may apply all insurance or condemnation proceeds that Lenders receive, at Lenders' discretion, either to (a) repay the debt secured by this deed of trust, whether matured or not, and in any order Lenders select or (b) repair or improve the Property in any manner Lenders select and apply any remaining proceeds to the debt secured by this deed of trust in any order Lenders select.
4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lenders from Grantor with respect to the Obligation or this deed of trust may, at Lenders' discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lenders with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lenders in their discretion determine.
5. If Grantor fails to perform any of Grantor's obligations, Lenders may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.
6. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lenders may-
   a. declare the unpaid principal balance and earned interest on the Obligation immediately due;
   b. direct Trustee to foreclose this lien, in which case Lenders or Lenders' agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and
   c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.
7. Lenders may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C. Trustee's Rights and Duties**
If directed by Lenders to foreclose this lien, Trustee will-
1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;
2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;
3. from the proceeds of the sale, pay, in this order-
   a. expenses of foreclosure, including a reasonable commission to Trustee;

Page 2

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential Information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/28/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stella Roberts



13cr628-02720

      b.    to Lenders, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
      c.    any amounts required by law to be paid before payment to Grantor; and
      d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Lenders against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.   General Provisions**

1.    Grantor agrees to execute, acknowledge, and deliver to Lenders any document requested by Lenders, at Lenders' request from time to time, to (a) correct any defect, error, omission, or ambiguity in this deed of trust or in any other document executed in connection with the Note or this deed of trust; (b) comply with Grantor's obligations under this deed of trust and other documents; (c) subject to and perfect the liens and security interests of this deed of trust and other documents any property intended to be covered thereby; and (d) protect, perfect, or preserve the liens and the security interests of this deed of trust and other documents against third persons or make any recordings, file any notices, or obtain any consents requested by Lenders in connection therewith. Grantor agrees to pay all costs of the foregoing.

2.    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

3.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

4.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

5.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

6.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

7.    Grantor assigns to Lenders all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lenders will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lenders will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lenders notice of any actual or threatened proceedings for condemnation of all or part of the Property.

8.    Grantor assigns to Lenders absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lenders' licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lenders may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lenders neither have nor assume any obligations as lessor or landlord with respect to any occupant of the Property. Lenders may exercise Lenders' rights and remedies under this paragraph without taking possession of the Property. Lenders will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lenders' rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lenders. Lenders are not required to act under this paragraph, and acting under this paragraph does not waive any of Lenders' other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lenders' filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

9.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

10.   In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

11.   When the context requires, singular nouns and pronouns include the plural.

Page 3

RP 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

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/28/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stella Roberts



13cr628-

12. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13. Grantor agrees to furnish on Lenders' request evidence satisfactory to Lenders that all taxes and assessments on the Property have been paid when due.

14. If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

15. GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

16. If Grantor transfers any part of the Property without Lenders' prior written consent, Lenders may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

17. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

18. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

19. Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

20. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lenders' rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

21. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

22. The term *Lender* includes any mortgage servicer for Lender.

23. Grantor represents that this deed of trust and the Note are given for the following purposes:

The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured both by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lenders may elect to foreclose either of the liens without waiving the other or may foreclose both.

_____
DAVID GARCIA

STATE OF TEXAS        )
COUNTY OF HARRIS   )

This instrument was acknowledged before me on August 30, 2010, by DAVID GARCIA.

_____
Notary Public, State of Texas
My commission expires: 4/15/2010

PREPARED IN THE OFFICE OF:
Vaughn W. Davidson
Attorney and Counselor at Law
Tel: (281) 421-5999
Fax: (281) 421-1103

AFTER RECORDING RETURN TO:
RAYMOND B. HOLBERT
P.O. Box 566
Channelview, TX 77530

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts, additions and changes were present at the time the instrument was filed and recorded.

Page 4

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/28/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stella Roberts



13cr628-

RP 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

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

SEP - 9 2010



COUNTY CLERK
HARRIS COUNTY, TEXAS

Any provision herein which restrict the sale, rental or use of the described Real Property because of c[olor] unenforceable under the Federal Law. Confidential information may have been redacted from the d[ocument by] the Public Information Act.

A Certified Copy
Attest: 10/28/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stella Roberts



258
259
260
261
027262

13cr628